UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:

MICHAEL HARVEY,                                  Case No. 18-13398-7

Debtor.

## DECISION ON DEBTOR'S MOTIONS TO REOPEN CHAPTER 7 CASE AND FOR AN EXPEDITED HEARING

Debtor Michael Harvey filed a voluntary Chapter 7 bankruptcy petition in October 2018. The United States Trustee ("UST") filed an adversary proceeding objecting to discharge under 11 U.S.C. § 727. The Court entered an Order and Judgment in the adversary denying Debtor's discharge in September 2019. The main case was closed in August 2020.

Five years later, Debtor filed the current motion to reopen the case along with a motion to expedite hearing on the motion. The UST objects to the motions and the Debtor filed a reply in support of his motions.

Upon review of the filings and the record, the Court denies both motions for the reasons set forth below.

### FACTS

Following the section 341 meeting in November 2018, the UST requested additional documents from Debtor. When none of the requested documents were provided, the UST filed a motion to extend the deadline for objection to a discharge. The motion was granted and a motion for a 2004 examination and to compel production of documents was filed in December 2018. A further

motion was filed in January 2019 that requested production of bank statements for various bank accounts including individual, business, personal, or joint accounts. It also sought business ledgers of any sort, as well as profit and loss statements for Able Energy. Then in March 2019, a motion to compel production of bank statements was filed.

Eight adversary proceedings were filed against the Debtor within a few months of the petition date in October 2018. One of those proceedings was an action filed by the UST objecting to the Debtor's discharge under 11 U.S.C. § 727(a)(3), (4), (5), and (6).[1] The UST alleged that the Debtor failed to keep adequate financial records, failed to properly account for his business income, made false statements on his bankruptcy schedules regarding his personal property, and failed to produce or account for his complete financial records contrary to a court order.

The Court held a trial on the UST's complaint in September 2019. Both the UST and the Debtor complied with the scheduling order for that trial and submitted a list of exhibits. A witness list was also filed by the UST.

After considering the evidence and arguments of the parties, the Court entered judgment denying Debtor's discharge under sections 727(a)(3) and (5). In its ruling under section (a)(3), the Court first explained that discharge should be denied under that subsection if

> the debtor has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions

---

[1] Adv. Proc. No. 19-23.

might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

On this point, the Court found that the Debtor's recordkeeping was indeed inadequate, and that his attempts to place blame on his former associate, Kristopher Sipe, were not justifiable.

The Court reasoned that "even if Sipe had a 15% ownership stake in the company, and it had actually been transferred to him, Mr. Harvey was still the sole signatory on all the bank accounts, and was at a minimum the 85% majority owner which obligated him to keep adequate records, or to assure that adequate records were being maintained for the company."[2]

The Court also found that "with respect to recordkeeping for [Sustainable Home Builders, LLC], Mr. Harvey failed to produce justifications for the lack of any adequate records. He has failed to meet his burden as a sophisticated businessman to overcome the denial of discharge under section 727(a)(3)."[3]

Next, the Court walked through subsection (a)(5) of the Code, which provides that discharge should be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). The Court noted that there was an administrative order and judgment finding that over $1.5 million was paid to Debtor's former entity, Able Energy Corp., and that the Debtor had failed to adequately explain where that

---

[2] Oral Ruling on Trustee's Complaint, Adv. Proc. No. 19-23, September 6, 2019, 1:41:33PM.

[3] *Id.*, 1:42:11PM.

3

money went. The Debtor had submitted exhibits claiming they showed where

the funds were spent, but this Court was unpersuaded, finding that:

> Based on the very nature of the [accounting exhibits], there is no
> separate accounting for any project; rather, all of the funds were
> simply commingled and deposited in operating accounts and then
> expended. And many of the expenditures cannot be explained and
> certainly do not reconcile with the bank accounts . . . . [Debtor's]
> explanations must provide more specific information to permit the
> Court to determine how funds were disposed of and how funds were
> used. This Court cannot speculate on those uses . . . . Mr. Harvey
> has failed to provide a satisfactory explanation to satisfy his burden
> under section 727(a)(5).[4]

After the hearing, the Court signed an Order and Judgment against the

Defendant denying his discharge.[5]

Debtor now moves to reopen his case and seeks an expedited hearing. He

says that a sheriff's sale of his home is scheduled for August 26. His primary

motivation in reopening the case appears to be the benefit of the automatic

stay,[6] but he also says that he plans to seek relief from the order denying his

discharge.

The crux of Debtor's argument in support of reopening his case echoes

his argument from the 2019 denial of discharge action. He says that his former

business associate, Kristopher Sipe, "perjured himself by denying his 20%

ownership in Debtor's business (Able Energy)."[7] Most of Debtor's motion is

---

[4] *Id.*, 1:47:05PM – 1:49:27PM.

[5] Adv. Proc. No. 19-23, Dkt. No. 38.

[6] Motion to Reopen, Dkt. No. 103, p. 1 ("Debtor requests ex parte consideration due to
an imminent sheriff's sale of his home on August 26, 2025, in Pierce County Circuit
Court Case No. 2023 CV000046, which reopening and the resulting automatic stay
under 11 U.S.C. §362(a) would halt.")

[7] *Id.*

4

spent pointing to Mr. Sipe's alleged misconduct in various lawsuits and business dealings. Specifically, Debtor claims that a state court order from July 2025 confirms Mr. Sipe's liability for fraud.[8]

DISCUSSION

1. <u>Legal Standards</u>

The Court will first address Debtor's motion for an expedited hearing. Such expedited relief is authorized under Federal Rule of Bankruptcy Procedure 9006(c), which states: "When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time." The rule gives courts discretion to grant or deny such relief. In considering such motions, courts should balance possible prejudice against the reasons advanced for reducing the time. *See In re Bartle*, 560 F.3d 724, 728–29 (7th Cir. 2009) (citing *In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 63 B.R. 842, 852 (N.D. Ill. 1986)).

Next, Code section 350(b) states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The language of this section gives the court broad discretion in reopening or declining to reopen cases. *In re Shondel*, 950 F.2d 1301 (7th Cir. 1991). Federal Rule of Bankruptcy Procedure 5010 is also

---

[8] Motion to Expedite, Dkt. No. 104, Ex. X.

broadly worded: "On the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case."

Courts have reopened cases to administer assets, amend schedules, file motions for lien avoidance, or grant other relief to the Debtor. Courts will decline to reopen a case when reopening cannot accomplish the goal sought by the moving party. *Reichel v. Jensen-Carter (In re Reichel)*, 645 B.R. 620, 624 (B.A.P. 8th Cir. 2022) ("If a debtor's request is futile because the relief sought lacks merit, a request to reopen is not warranted."), *aff'd*, No. 23-1002, 2023 U.S. App. LEXIS 15734 (8th Cir. June 23, 2023). "While the Code does not define 'other cause' for purposes of reopening a case under section 350(b), the decision to reopen is discretionary with the court, which may consider numerous factors, including equitable concerns, and ought to emphasize substance over technical considerations." 3 *Collier on Bankruptcy* ¶ 350.03[5] (16th ed. 2025) (citing *Shondel*, 950 F.2d 1301).

Finally, Debtor says that he plans to seek an order vacating the denial of his discharge. Debtors may seek relief from an order under Federal Rule of Civil Procedure 60 (incorporated herein by Federal Rule of Bankruptcy Procedure 9024). Bankruptcy Rule 9024 provides that "the one-year limitation in Fed. R. Civ. P. 60(c) does not apply to a motion to reopen a case." But the one-year limit of Rule 60(c) still applies to motions seeking relief from orders under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud. Rule 60(d)(3) further provides that relief from a judgment is appropriate if there has been "fraud on the court," but

such a finding is "reserved for only 'the most extraordinary and egregious circumstances,'" and must be shown "by clear and convincing evidence." *Outley v. City of Chicago*, No. 21-2476, 2023 U.S. App. LEXIS 3479, at *5 (7th Cir. Feb. 13, 2023) (internal citations omitted).

    2. <u>Debtor's Motion to Reopen and Motion for Expedited Hearing</u>

Debtor moves to reopen his Chapter 7 case and requests an expedited hearing on the motion. The Court finds that the basis for the motion to reopen is meritless and cannot be granted. Thus, the Court also denies the motion for an expedited hearing.

Debtor says that a sheriff's sale of his home is scheduled for August 26, 2025. He argues that reopening his case is necessary to prevent irreparable harm that would be caused by the sale, and that he should be allowed to seek relief from the order denying his discharge and benefit from the automatic stay.

His reasoning in support includes allegations that his "discharge was denied based on testimony from Kristopher R. Sipe . . . who perjured himself by denying his 20% ownership in Debtor's business (Able Energy) and falsely [accused] Debtor of fraud that did not occur."[9] Debtor argues that Mr. Sipe was responsible for the downfall of the enterprise and for the debt that led to the current foreclosure action. Debtor also claims that new evidence, including an

---

[9] Motion to Reopen, Dkt. No. 103, p. 1.

order from Pierce County Circuit Court Case No. 24 CV 38,[10] "confirms Sipe's liability for fraud and perjury."[11]

Debtor misunderstands the Court's 2019 ruling. His discharge was denied under sections 727(a)(3) and (5) for failing to maintain adequate books and records in connection with his businesses and for failing to explain satisfactorily the loss of assets his company received. This Court already considered his argument about Mr. Sipe's ownership share of the company and ruled that whether or not Sipe had some ownership interest, "Mr. Harvey was still the sole signatory on all the bank accounts and was at a minimum the 85% majority owner which obligated him to keep adequate records, or to ensure that adequate records were being maintained for the company."[12] He was in control or possession of records and information sought by the UST. He refused to provide the information arguing, among other things, that Able Energy was a "non-filing party" and not part of the case so any records weren't relevant.[13]

Next, Debtor at one point argues "reopening would allow Debtor to seek vacatur of the denial of discharge . . ., reinstate the automatic stay, and address the perjury's ongoing effects . . . ."[14] But on the very next page, Debtor

---

[10] Motion to Expedite, Dkt. No. 104, Ex. X.

[11] Affidavit of Debtor in Support of Motion to Reopen, Dkt. No. 104-2, p. 2.

[12] Oral Ruling on Trustee's Complaint, Adv. Proc. No. 19-23, September 6, 2019, 1:41:33PM.

[13] Motion for Dismissal, Adv. Proc. No. 19-23, Dkt. No. 9, pp. 1 – 2.

[14] Debtor's Reply, Dkt. No. 106, p. 2.

says that he "seeks reopening for cause, not direct revocation of a discharge."[15]
This inconsistency begs the question: what "cause" is there under section
350(b)?

As noted by the UST and made clear from the Federal and Bankruptcy
Rules, Debtor is time-barred from seeking to vacate the order denying his
discharge. Although Bankruptcy Rule 9024 doesn't limit *motions to reopen* to
the one-year deadline of Rule 60(c), the *cause* that Debtor inconsistently argues
in support of his motion to reopen *is* limited to the one-year bar. Motions for
relief from an order due to (1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence; or (3) fraud must be brought within one
year of the order. Thus, to the extent Debtor is arguing that the order denying
his discharge should be vacated based on one of the three grounds listed
above, his motion is time barred.

Debtor also argues that the Court should vacate the order denying his
discharge due to "fraud on the court." But this argument also fails. Such
findings are reserved "for only 'the most extraordinary and egregious
circumstances,'" and must be shown "by clear and convincing evidence."
*Outley*, 2023 U.S. App. LEXIS 3479, at *5 (internal citations omitted). Debtor's
primary argument on this point is that Mr. Sipe lied about his 20% interest in
Abel Energy. But the assertion of an ownership interest by Sipe was presented
to the Court by the Debtor at the trial. The dispute about whether an interest

---

[15] *Id.*, p. 3.

had actually been transferred or was simply proposed was presented at the final hearing on the denial of discharge. The Court concluded that, even if Sipe had some ownership interest, Debtor was the majority owner. It was Mr. Harvey who was obligated to keep adequate records or to ensure that adequate records were being maintained for the company. Debtor's argument is far from the "extraordinary and egregious" circumstances required for relief.

And Debtor's claim that the Pierce County Order (Exhibit X) confirms Sipe's liability for fraud or perjury is unsubstantiated. The state court entered a default judgment. The state court's order denies every one of Plaintiff's claims except for the last. That claim was for starting a competing business while employed with Debtor using information about prospective customers from Able.[16] So it awarded him a mere $1,000 in punitive damages and costs for the filing fee and service. This amount is *de minimis* compared to the more than $2 million that Plaintiff sought to recover. And the punitive damage award stemmed from the fact that Mr. Sipe started a competing business while actively employed at (or while actively owning) the business with Debtor.[17]

Whatever Mr. Sipe's alleged ownership interest in the Debtor's entities was, whether 15% or 20%, Debtor was the majority owner and responsible for maintaining the books and records. He was the sole signatory on bank accounts. He also had an obligation under the Bankruptcy Code to satisfactorily explain the company's loss of assets, which he failed to do. Debtor

---

[16] Motion to Expedite, ECF No. 104, Ex. X, pp. 3 – 4, ¶ 8.

[17] *Id.*

has presented nothing in his motion that changes either of these facts and persists in trying to use Mr. Sipe as a scapegoat.[18]

The denial of discharge was based on the actions or inaction of Debtor in this case. It was not based on whether Sipe owned an interest in Debtor's business entities. Whether or not Sipe was a whistleblower or engaged in his own improper business was not a basis for the Court's decision.

Debtor admittedly owned the majority interest in the business. He controlled the bank accounts. A Minnesota state court entered a judgment and restitution order against the Debtor and his company for misconduct in connection with Able Energy Corp. The discrepancies in the books and records of his companies, and his failure to provide documents and records at the time his case was open and in the UST's adversary proceeding, were the bases for the denial of discharge and the closing of this case. He failed to comply with his obligations under 11 U.S.C. § 727(a)(3) and (5) when he failed to keep or preserve books and records about his business and finances and failed to explain the loss of assets.

---

[18] The Exhibits that Debtor attaches to his motion to expedite are similarly irrelevant. Exhibit C is a copy of a corporate board meeting for Able Energy Co. saying that 20% of the company shares were to be transferred to Mr. Sipe. But this document even lists the Debtor as the "Owner." Exhibit F is a list of Excel spreadsheets with no substantive information other than the dates they were created and whom they were "requested by." Exhibits Q and S appear to be duplicates of an email chain involving Mr. Sipe and other non-debtor third parties. Exhibit T appears to be a news article about the attorney general from Minnesota announcing settlements with Mr. Sipe relating to his entity. Exhibit R includes screenshots of text exchanges, all of which appear irrelevant to the Court's 2019 ruling. And finally, Exhibit G is a report from the State of Minnesota about an interview with Mr. Sipe.

Debtor has failed to show cause in support of his motion to reopen the bankruptcy. *See Reichel*, 645 B.R. at 624 ("If a debtor's request is futile because the relief sought lacks merit, a request to reopen is not warranted."). As a result, Debtor's motion for an expedited hearing is moot.

CONCLUSION

Debtor's motions are denied, and the case will remain closed.

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 28, 2025

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge